Bakewell vs. Howell.

# Bakewell vs. Howell.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. The circuit court has jurisdiction where the principal of the debt sued on, and the interest which has accrued on it, exceed in the aggregate the sum of fifty dollars.

2. Where several debts, amounting in the aggregate to more than fifty dollars, are united in the same paragraph of plaintiff's petition, although each debt, with its interest, is below that sum, the circuit court has jurisdiction.

WORTHINGTON & JOHNSTON, for appellant, cited *Civil Code, secs.* 18, 29, 16, 111; 18 *B. Mon.*, 225; *Stanton's Code, sec.* 16, *note l and f; Ib., sec.* 113, *note b; Ib., sec.* 132, *note a;* 2 *Stat. Law,* 892; 4 *J. J. Mar.,* 64; 7 *Mon.,* 312; 2 *B. Mon.,* 46; 11 *B. Mon.,* 186; *Angell on Lim., sec.* 285; 3 *Mon.,* 115; 4 *B. Mon.,* 564.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

In the first paragraph of the petition it is alleged that the defendant, Howell, by his six promissory notes, dated the 15th day of July, 1844, promised to pay to the plaintiff the sum of *ten dollars* each, payable ten, twelve, fourteen, sixteen, and twenty months after date, all of which notes are due and unpaid.

The second paragraph sets out a further indebtedness of the defendant to the plaintiff upon two bills of exchange; one for forty-three dollars, with interest from the 3d December, 1844, and the other for twenty dollars, with interest from March 3, 1845; both of which bills were drawn by the defendant on the same day, and were payable respectively three and six months after date.

The defendant demurred to the petition upon the ground that neither of the two paragraphs set forth a cause of action of which the court had jurisdiction.

The court below sustained the demurrer, and rendered judgment in bar of the plaintiff's action, from which judgment the latter has appealed.

The only question to be decided is, whether the court had jurisdiction of the subject-matter of the action.

1. In regard to the second paragraph of the petition, there can be no doubt that it presented a case within the jurisdiction of the court. The debt and the interest which had accrued on one of the bills of exchange sued on exceeded in the aggregate the sum of fifty dollars. And it has been decided by this court repeatedly that the interest due upon a debt at the time the action is commenced constitutes a part of "the matter in controversy," under the provisions of the Code which regulate the jurisdiction of the court of appeals, and that where the debt and interest exceed one hundred dollars this court has jurisdiction of an appeal. (*Orth & Wallace vs. Clutz's admin'r*, (18 *B. Mon.*, 225.)

To the same effect is the case of *Wigginton vs. Moss*, decided at the present term, in which it was held that the quarterly court had no jurisdiction, because the debt, with the interest which had accrued when the action was commenced, exceeded in the aggregate one hundred dollars, and the jurisdiction of the quarterly courts is limited to "actions for money or personal property not exceeding one hundred dollars in value."

By the 18th section of the Code the circuit courts have jurisdiction of all actions except where exclusive jurisdiction is given to other courts; and by the 29th section the courts of justices of the peace have jurisdiction, *exclusive* of the circuit court, of all actions for the recovery of money or personal property, "where *the matter in controversy* does not exceed fifty dollars in value." Of course the circuit court has jurisdiction of all cases where the matter in controversy does exceed fifty dollars.

2. We are not aware that the question presented by the first paragraph of the petition has ever been considered or decided by this court since the adoption of the Civil Code; but we have had no difficulty in deciding that the recovery sought in that paragraph was also within the jurisdiction of the court.

The question of jurisdiction must, as already shown, be determined by the amount in controversy; whenever that exceeds the sum of fifty dollars, the jurisdiction of the circuit court attaches. The inquiry then arises, what is the amount in controversy; or, in other words, what is the amount claimed

and sought to be recovered in the paragraph under consideration? The sum of the alleged indebtedness is sixty dollars, with interest from the maturity of the several notes, and that sum, with the interest, constitutes unquestionably the *amount in controversy*, according to the exposition which that phrase has uniformly received in the adjudications of this court. It is true that this amount is made up of several smaller sums, evidenced by separate writings, and of which, if sued upon separately, the court would have had no jurisdiction. But suppose the action had been founded, not upon the six notes, but upon an account consisting of six different items for that number of articles of property sold, at different times, at the price of ten dollars each, could the defendant have maintained an objection to the jurisdiction upon the ground that each item of the account was a separate transaction, constituted a distinct and separate cause of action, and could not be blended or combined so as to constitute a single demand or cause of action of which the circuit court could take jurisdiction? And yet it seems to us that the objection would apply as well in the one case as in the other. The aggregate amount of the indebtedness claimed must, in either case, determine the question of jurisdiction, whether that aggregate be composed of separate parol promises or of promises evidenced by writing.

One of the leading objects which the Civil Code was evidently intended to accomplish, was to prevent, as far as possible, the multiplicity and circuity of actions. This purpose is seen in the rule which requires a defendant to set up, in the first instance, all his grounds of defense to the action, whether they be legal or equitable; and it is especially displayed in those provisions which authorize several causes of action to be united in the same petition, where each affects all the parties to the action, may be brought in the same county, be prosecuted by the same kind of proceedings, and all belong to one of the several classes enumerated.

The objection urged to the jurisdiction in this case is opposed not only to the rules and policy of the Code, but to those obvious considerations of utility, convenience, and economy, on which those rules are founded.

The plaintiff has shown himself entitled, by the allegations in the first paragraph of his petition, to recover of the defendant the sum of sixty dollars, with interest from the several periods mentioned. That is the amount in controversy, and that fixes the jurisdiction of the court.

It results, that as both paragraphs of the petition set forth a valid cause of action within the jurisdiction of the court, the demurrer was improperly sustained.

The judgment is therefore reversed, and the cause remanded, with directions to overrule the demurrer, and for further proceedings in conformity with this opinion.